UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
|    MANUEL DELROSARIO | ) | Chapter 7 |
|    MARGARITA DELROSARIO | ) | |
| | ) | |
|                     Debtors. | ) | Case No. 11-44151-MSH |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES Wells Fargo Bank, N.A., as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2005-HE6, Asset Backed Pass-Through Certificates, Series OOMC 2005-HE6 (the "Movant"), by and through its attorneys, and moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d), Bankruptcy Rules 4001 and 9014, and MLBR 4001-1. In support thereof, the Movant states as follows:

### I.  JURISDICTION

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334. This case is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.  BACKGROUND

2. On May 6, 2005, Margarita Del Rosario a/k/a Margarita DelRosario (the "Debtor") granted to a mortgage to Mortgage Amenities Corp. on certain real estate, as recorded with the Records of Land Evidence for the City of Providence at Book 7271, Page 305 (the "Mortgage"). A redacted copy of the Mortgage is attached as <u>Exhibit A</u>. The Mortgage encumbers the property located at 316-318 Valley Street, Providence, Rhode Island 02908-5616 (the "Property"). The Movant is the holder of the Mortgage through a series of assignments. The Mortgage was assigned by Mortgage Amenities Corp. to Option One Mortgage Corporation at Book 8605, Page 73. The Mortgage was assigned by Option One Mortgage Corporation to

1

Wells Fargo Bank, in trust for the benefit of the Certificateholders of Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2005-HE6 at Book 9411, Page 231 with a confirmatory assignment from and to the same entities being recorded at Book 10064, Page 20. The Mortgage was assigned from Wells Fargo Bank, in trust for the benefit of the Certificateholders of Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2005-HE6 to Wells Fargo Bank, N.A., as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2005-HE6, Asset Backed Pass-Through Certificates, Series OOMC 2005-HE6 at Book 10064, Page 21. Redacted copies of the assignments of the Mortgage are attached as Exhibit B. Aside from the Property, there is no other collateral securing the obligation.

3. On September 30, 2011, the Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts with Manuel DelRosario ("Joint Debtor"). The case was dismissed on October 21, 2011 and was reinstated on November 14, 2011.

4. Upon information and belief, there are no other outstanding secured encumbrances against the Property.

5. Upon information and belief, no Declaration of Homestead is recorded against the Property. Rhode Island General Laws § 9-26-4.1 does not require the recording of a homestead.

6. According to the Debtors' Schedule A, the fair market value ("FMV") of the Property is $140,000.00. Based upon this figure, the approximate liquidation value of the Property, calculated by deducting the estimated reasonable and necessary expenses from the FMV, yields $124,580.00 and is comprised as follows:

| | |
|---|---|
| Estimate of FMV: | $140,000.00 |
| Estimated tax deed stamps: | -$560.00 |

2

| | |
|---|---:|
| Estimated foreclosure fees and costs: | -$5,000.00 |
| Estimated eviction proceedings costs: | -$710.00 |
| Estimated realtors' fees at six (6) percent (post-foreclosure): | -$8,400.00 |
| Anticipated closing costs (post-foreclosure): | -$750.00 |
| TOTAL | $124,580.00 |

Notwithstanding the above, the Movant reserves the right to request access to the Property for the purpose of conducting an interior appraisal to more accurately quantify its value, in the event that the value of the Property is contested by the Debtors.

7. The principal balance due under the Note and Mortgage as of March 26, 2012 was $293,284.82.

8. Upon information and belief, the loan is contractually due for nine (9) monthly payments in the amount of $1,552.56 for the months of January 2011 through September 2011, three (3) monthly payments of $1,732.58 for the months of October 2011 through December 2011 and three (3) monthly payment of $1,637.19 for the months of January 2012 through March 2012 for a total of fifteen (15) monthly payments equaling $24,082.35, plus late charges and reasonable attorney's fees and costs associated with the loan.

### III.    GROUNDS FOR RELIEF

The Movant seeks relief from the automatic stay on the following grounds:

9. Cause exists to grant relief from the automatic stay because the Movant is not receiving adequate protection for its interest in the Property.

10. The Debtors do not appear to have any equity in the Property, as the Property has an approximate liquidation value of $124,580.00, and is subject to total secured encumbrances of $293,284.82.

11. The Property is not necessary to an effective reorganization because this is a chapter 7 case and there is no prospect of reorganization.

12. Based upon the foregoing, the Movant respectfully submits that it is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2).

WHEREFORE, the Movant prays that:

A. The Movant, its successors and/or assigns, be granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and leave to foreclose the Mortgage, allowing the Movant, its successors or assigns to foreclose the Mortgage (including, at its sole option, leave to accept a deed-in-lieu of foreclosure from the Debtors and/or their heirs, successors, assigns or transferees); and for it or a third party purchaser to prosecute summary process proceedings to evict any persons residing in the Property; and

B. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted,

Wells Fargo Bank, N.A., as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2005-HE6, Asset Backed Pass-Through Certificates, Series OOMC 2005-HE6

By its attorneys,

ABLITT SCOFIELD, P.C.

Dated: March 28, 2012

/s/ Jessica Rodger Yim
Jessica Rodger Yim, Esq.
BBO # 652175
304 Cambridge Road
Woburn, Massachusetts 01801
Phone: (781) 246-8995 ext. 292
Fax: (781) 246-8994
Email: jrodgeryim@acdlaw.com

4

## CERTIFICATE OF SERVICE

   I do hereby certify that I have caused to be served a copy of the foregoing Motion for Relief from the Automatic Stay, by CM/ECF electronic filing and/or by first class mail, postage prepaid, upon the parties listed below, on this day.

Dated:  March 28, 2012            /s/ Jessica Rodger Yim
                     Jessica Rodger Yim

By CM/ECF:

- Richard King, Assistant U.S. Trustee   USTPRegion01.WO.ECF@USDOJ.GOV

- David M. Nickless, Chapter 7 Trustee   dnickless.nandp@verizon.net

- George Philip on behalf of Debtors    georgejeanphilip@hotmail.com

By First Class Mail:

Manuel DelRosario
94 Auburn Street
Apt. 1
Lawrence, MA 01841

Margarita DelRosario
94 Auburn Street
Apt. 1
Lawrence, MA 01841

eCAST Settlement Corporation
POB 35480
Newark, NJ 07193

City of Providence
Tax Assessor
25 Dorrance Street
Providence, RI 02903

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                    )
    MANUEL DELROSARIO          )        Chapter 7
    MARGARITA DELROSARIO       )
                                          )
                   Debtors.    )        Case No. 11-44151-MSH

ORDER GRANTING WELLS FARGO'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

      This matter has come before me on the Motion for Relief from the Automatic Stay (the "Motion") by Wells Fargo Bank, N.A., as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2005-HE6, Asset Backed Pass-Through Certificates, Series OOMC 2005-HE6 ("Wells Fargo") with respect to the property located at 316-318 Valley Street, Providence, Rhode Island 02908 (the "Property"). After full consideration, or after opportunity for hearing and no objections having been filed, it is ordered that the Motion is hereby granted, and that Wells Fargo, its successors and/or assigns, or current holder, may proceed to foreclose or accept deed in lieu of foreclosure of the mortgage given by Margarita DelRosario to Mortgage Amenities Corp. on May 6, 2005 and assigned to Wells Fargo. Said mortgage is recorded with the Records of Land Evidence for the City of Providence at Book 7271, Page 305 and encumbers the Property. Wells Fargo may exercise its rights under said mortgage to bring such actions, including but without limitation, summary process proceedings, as are permissible by state and federal law.

DATE:                                                                           _____
                                                                           United States Bankruptcy Judge